# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KENNETH WILLOUGHBY,**

        **Plaintiff,**

**v.**                                              **Case No:   6:13-cv-1365-Orl-40KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY and COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 11)[1]**
>
> **FILED:**       **February 18, 2014**

### I. PROCEDURAL HISTORY.

      On September 3, 2013, Plaintiff Kenneth Willoughby filed a complaint against the Social Security Administration ("SSA") and its Acting Commissioner ("Commissioner").  Doc. No. 1. Willoughby alleged in Count I that the Defendants violated the Electronic Signature in Global and National Commerce Act (the "E-Sign Act"), 15 U.S.C. § 7001, *et seq.*, by refusing to accept various SSA forms that he signed electronically.  Willoughby alleged in Count II that the Defendants'

---

[1] On July 16, 2014, the presiding District Judge referred this motion to the undersigned for issuance of a Report and Recommendation.   Doc. No. 31.

refusal to accept the electronically signed forms also violates the Uniform Electronic Transaction Act, Fla. Stat. § 668.50. In Count III, Willoughby alleged that Defendants violated his right to equal protection under the Fifth Amendment to the Constitution because they have accepted electronically signed forms from SSA beneficiaries similarly situated to him but they will not accept the forms he electronically signed. Finally, in Count IV, Willoughby requests preliminary and permanent injunctive relief requiring the Defendants to accept the electronically signed forms he submitted to them. *Id.* He alleges that this Court has subject-matter jurisdiction in this case under 28 U.S.C. § 1346. *Id.* ¶ 2.

On February 18, 2014, the Commissioner filed a motion to dismiss the complaint for lack of subject-matter jurisdiction and, alternatively, asserting that Willoughby has not stated a claim for relief under the Mandamus Act, 28 U.S.C. § 1361. Doc. No. 11. The motion is supported by the Declaration of Martha Shepherd. Doc. No. 11-1.[2] Willoughby filed a response to the motion. Doc. No. 17. The Commissioner filed a reply memorandum with leave of Court. Doc. Nos. 21, 23.[3] The motion is ripe for resolution.

**II.   ALLEGATIONS OF FACT AND SUMMARY OF THE EVIDENCE**.

The SSA is an agency of the United States that maintains regional offices throughout the state of Florida. Doc. No. 1 ¶ 4. The SSA, through its Commissioner, administers social security insurance programs consisting of retirement, disability and survivor's benefits. *Id.* ¶¶ 5-6.

---

[2] The Court may consider matters outside the pleadings when resolving a factual attack on the existence of subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Although Shepherd qualified her declaration as being made "to the best of my knowledge and belief," it appears that this qualification does not undermine the evidentiary value of the declaration in this instance. *See United States v. 8 Gilcrease Lane, Quincy, Fla. 32351*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008).

[3] In the reply memorandum, counsel for the Commissioner refers to the Herbst Decl. attached to her motion to dismiss. Doc. No. 23 at 3 & n.2. There is no Herbst Decl. attached to the motion to dismiss.

Willoughby is under a disability, and he is an SSA disability beneficiary. *Id.* ¶ 8. The SSA required Willoughby to execute multiple forms including the following:

- Form SSA-1696, Appointment of Representative;
- Form SSA-3288, Consent for Release of Information;
- Form SSA-827, Authorization to Disclose Information to SSA;
- Authorization of Release of Health Information under the Health Information Privacy and Protection Act ("HIPPA Release"); and,
- Fee Agreement.

*Id.* at 2-3.

On about April 30, 2013, Willoughby electronically signed Form SSA-1696 and Form SSA-3288, which forms were received by the SSA on May 13, 2013. *Id.* ¶¶ 16-17. On May 21, 2013, the Melbourne, Florida regional office of the SSA refused to accept the forms based on local policy. *Id.*¶¶ 18, 32. All other regional offices to which counsel for Willoughby presented the same forms agreed to accept the forms with electronic signatures. *Id.* ¶ 32. Moreover, the SSA accepts electronic signatures on other forms, including the following:

- Requests for Reconsideration;
- Request for Hearing;
- Disability Report Appeal; and,
- The HIPPA Release.

*Id.* ¶ 25.

Martha Shepherd is a Social Insurance Specialist, Program Expert for the Retirement and Survivors Insurance Programs Team in the SSA Atlanta Regional Office, which covers SSA Field Offices in Region IV (Georgia, Florida, Alabama, Kentucky, Mississippi, North Carolina, South Carolina, and Tennessee). Doc. No. 11-1 ¶ 1. She attests that the Commissioner's Program

Operations Manual System ("POMS") provides SSA employees guidance on how to process claims for Social Security benefits. *Id.* ¶ 2. Under the POMS, the SSA requires that certain forms have a traditional pen and ink, or "wet" signature, specifically Form SSA-1696 Appointment of Representative; Form SSA-3288 Consent for Release of Information; and, a fee agreement. *Id.* ¶¶ 4-7. The SSA will accept a photocopy or facsimile of the Form SSA-1696 and the fee agreement if each form reflects that it originally had the wet signature of the claimant. *Id.* ¶¶ 5-6. The SSA will accept an electronic signature on a Form SSA-827 Authorization to Disclose Information if the claimant is submitting a claim over the internet, but it will not accept an electronic signature on this form if it is submitted by the claimant's representative. *Id.* ¶ 8.

Shepherd further attests that on November 15, 2013, after hearing of Willoughby's complaints of inconsistencies in SSA offices in Florida regarding handling of electronically signed forms, the Regional Office sent an email to all field offices in the region explaining the requirements of POMS as set forth above. *Id.* ¶ 9.

### III.   ANALYSIS.

"The E-Sign Act, aiming to bring uniformity to patchwork state legislation governing electronic signatures and records, mandates that no signature be denied legal effect simply because it is in electronic form." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 601 (4th Cir. 2013) (citing 15 U.S.C. § 7001(a)(1)). The E-Sign Act does not require any person to agree to use or accept electronic records or electronic signatures "other than a governmental agency with respect to a record other than a contract to which it is a party." 15 U.S.C. § 7001(b)(2). The E-Sign Act further provides that, except in certain circumstances not applicable here, "nothing in this subchapter limits or supersedes any requirement by a Federal regulatory

agency . . . that records be filed with such agency or organization in accordance with specified standards or formats." 15 U.S.C. § 7004(a).

The Florida Uniform Electronic Transaction Act, Fla. Stat. § 668.50, is state legislation governing use of electronic records and electronic signatures in Florida. This Florida statute specifically provides that it does not require a record or signature to be created, processed or used by electronic means or in electronic form. *Id.* § 668.50(5)(a).

It is not clear that either the E-Sign Act or the Florida Uniform Electronic Transaction Act provides for a private right of action to enforce the terms of the laws. Nevertheless, because Willoughby also raises a federal Constitutional claim, the Court must consider whether it may exercise subject-matter jurisdiction in this case.

    A.    *Subject-Matter Jurisdiction.*

        1.    <u>Willoughby's Case is Barred by 42 U.S.C. § 405(h)</u>.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The Commissioner contends that 42 U.S.C. § 405(h) specifically precludes this action. *See* Doc. No. 11 at 7-8. Section 405(h) provides in pertinent part as follows:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [Subchapter II – Federal Old-Age, Survivors, and Disability Insurance Benefits].

Willoughby contends that § 405(h) does not apply here because his claims arise under the E-Sign Act, Florida law, and the Constitution of the United States, not under the Federal Old-Age, Survivors and Disability Insurance Benefits statutes.   *See* Doc. No. 17 at 3.

The United States Supreme Court has viewed the scope of § 405(h) broadly.   In *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 5 (2000), the Supreme Court held that § 405(h) barred exercise of federal question jurisdiction in a case brought by an association of nursing homes against the Secretary of the Department of Health and Human services alleging that various Medicare-related regulations violated various statutes and the Constitution of the United States. The Court described § 405(h) as evincing the intent of Congress to channel a legal challenge to an agency action through the agency, whether the challenge was "the 'potential future' versus the 'actual present' nature of the claim, the 'general legal' versus the 'fact-specific' nature of the challenge, the 'collateral' versus 'non-collateral' nature of the issues, or the 'declaratory' versus 'injunctive' nature of the relief sought."   *Id.* at 13-14.   The Court also rejected the argument that § 405(h) could not apply to a challenge to agency regulations or procedures because the agency did not provide a mechanism to obtain review and a hearing on the challenge to the regulations or procedures.   The Court wrote that a plaintiff could contest the lawfulness of any regulation or statute relied on by the agency under 42 U.S.C. § 405(g), and that "a court reviewing an agency determination under § 405(g) has adequate authority to resolve any statutory or constitutional contention that the agency does not, or cannot, decide . . . ."   *Id.* at 23.

In his complaint, Willoughby alleges that he is a Social Security Disability beneficiary. Doc. No. 1 ¶ 8.   While he does not specifically state the posture of his claim for disability benefits, he alleges that the SSA has required him to execute multiple forms, including a form necessary for the SSA to recognize his representative as "the official representative of Plaintiff in a claim for

Supplemental Security Income and/or Social Security Disability Insurance[,]" and a consent for release of information form necessary for the SSA to release information to his representative so that the representative may prepare and present Willoughby's disability claim. *Id.* ¶ 11(a), (b). Thus, it appears that Willoughby is applying for social security disability and/or supplemental income benefits and, therefore, that his challenge to the refusal of the SSA to accept some forms with electronic signatures "arises under" the Social Security disability statutes.[4] Under these circumstances, his exclusive remedy is to pursue his claims through the administrative channels required by § 405(g). If his claim is denied, Willoughby may raise his challenges to the SSA's policies and procedures regarding acceptance of electronically signed forms in an appeal of the Commissioner's final decision to the appropriate United States District Court.[5]

    2.    <u>Mandamus Jurisdiction</u>.

Willoughby contends in his response to the motion to dismiss that the Court should allow him to pursue his claims under the Mandamus Act. Doc. No. 17 at 15. Under the Mandamus Act, a district court has original jurisdiction over an action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. The Commissioner represents that neither the Supreme Court nor the Eleventh Circuit has reached the question of whether § 405(h) precludes the Court from exercising mandamus jurisdiction. Doc.

---

[4] These factual allegations distinguish the present case from *Arruda & Beaudoin, LLP v. Astrue*, No. 11-10254-GAO, 2013 WL 1309249 (D. Mass. Mar. 27, 2013), cited by Willoughby. In that case, the court found that individuals' Privacy Act claims against the SSA were not barred by § 405(h) because they were asking the SSA to release their own records, not challenging the SSA's procedures in adjudicating a claim for benefits.

[5] In order to pursue his disability claim effectively, Willoughby may be required to affix a wet signature to certain of the forms if required by the SSA. Doing so may not moot the question of the SSA's refusal to accept electronically signed forms if the reviewing court determines that the issue is capable of repetition yet evading review. *See, e.g.*, *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911).

No. 11 at 17 (citing *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 456 n.3 (1999), and *Lifestar Ambulance Serv., Inc. v. Dep't of Health and Human Servs.*, 365 F.3d 1293, 1295 n.3 (11th Cir. 2004)).

Mandamus is an extraordinary remedy. The test for the exercise of jurisdiction is whether mandamus could be an appropriate means of relief. Mandamus relief is appropriate only when (1) the plaintiff has a clear right to the relief sought, (2) the defendant has a clear duty to act, and (3) there is no other adequate remedy available. *Cash v. Barnhart*, 327 F.3d 1252, 1257-58 (11th Cir. 2003). Based on Willoughby's arguments, it appears that giving him leave to file an amended complaint to allege a claim for mandamus relief would be futile.

First, it is not clear that Willoughby with a clear right to compel the SSA to accept all forms with electronic signatures. The E-Sign Act provides that "nothing in this subchapter limits or supersedes any requirement by a Federal regulatory agency . . . that records be filed with such agency or organization in accordance with specified standards or formats." 15 U.S.C. § 7004(a). The Florida Uniform Electronic Transaction Act does not require a record or signature to be created, processed or used by electronic means or in electronic form. Fla. Stat. § 668.50(5)(a). An equal protection claim, even if successful, would not establish that the Commissioner has a nondiscretionary duty to accept all forms with electronic signatures; rather, it would establish only that the Commissioner could not treat individuals presenting electronically signed forms differently in different local offices.

Furthermore, for the reasons discussed above, it does not appear that Willoughby could establish that he has no other adequate remedy at law in light of the availability of review under § 405(g) after the Commissioner makes a final decision on his disability claims.

Nevertheless, the Court may, in its discretion, permit Willoughby to file an amended complaint asserting a claim under the Mandamus Act within a time provided for by the Court. If Willoughby is permitted to file an amended complaint, he and his counsel should be cautioned that the well-pleaded facts in the amended complaint must establish each element of his cause(s) of action consistent with the requirements of Fed. R. Civ. P. 11.

### IV. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 11).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 1, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy