# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KENNETH WILLOUGHBY,

       Plaintiff,

v.                                 Case No:  6:13-cv-1365-Orl-40KRS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY and THE SOCIAL
SECURITY ADMINISTRATION,

       Defendants.

_____

## ORDER

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding (Doc. 34), filed August 1, 2014.  In her Report and Recommendation, Magistrate Judge Spaulding recommends that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11).  On August 13, 2014, Plaintiff filed his Objections to Magistrate Judge's Report and Recommendation (Doc. 36). Defendant does not object to the Report and Recommendation, (Doc. 37), and has not replied to Plaintiff's objection within the allowable timeframe, (Doc. 37).  As such, this matter is ripe for the Court's review.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff ("Willoughby") is disabled within the meaning of the Social Security Act and currently receives benefits from the Social Security Administration (the "Administration").  (Doc. 1, ¶ 8).  According to Willoughby, the Administration requires

him to execute multiple forms in furtherance of his status as a beneficiary—namely, Form SSA-1696, Form SSA-3288, Form SSA-827, HIPPA releases, and fee agreements (collectively, the "Forms").  (*Id.* ¶ 11). Willoughby states that, on or about April 30, 2013, he properly executed the Forms using his electronic signature and submitted the Forms to the Administration.  (*Id.* ¶¶ 13, 16).  However, on May 21, 2013, the Administration rejected the Forms as non-compliant with the Administration's local policies regarding signatures.  (*Id.* ¶ 18).

The Administration, through the sworn affidavit of Social Insurance Specialist Martha Shepherd, states that it provides its employees with guidance on how to process claims for Social Security benefits.  (Doc. 11-1, ¶ 2).  These guidelines require that certain forms have a traditional pen and ink—or "wet"—signature.  (*Id.* ¶ 4).  Included among the forms that require a wet signature are Form SSA-1696, Form SSA-3288, and the fee agreement.  (*Id.* ¶¶ 5–7).  The Administration will accept other forms with electronic signatures, but will not accept electronic signatures on forms that require a wet signature.  (*Id.* ¶ 8).  The Administration admits that Willoughby had previously asserted inconsistences in how the Administration processed forms throughout its Florida offices.  (*Id.* ¶ 9).  As a result, the Administration states that it has since emailed all Florida offices to explain the signature requirements for each form, including when electronic signatures can and cannot be accepted.  (*Id.*).

### B.     Procedural History

On September 3, 2013, Willoughby initiated this lawsuit by filing a complaint against the Administration and its acting commissioner, Carolyn W. Colvin (the "Commissioner").  (*Id.*).  In his Complaint, Willoughby alleges four claims for relief.

Count 1 alleges that the Administration violated the Electronic Signature in Global and National Commerce Act ("E-Sign Act"), 15 U.S.C. §§ 7001–7006, for failing to give legal effect to Willoughby's electronically executed Forms.  (*See* Doc. 1, ¶¶ 14–22).  Count 2 alleges that the Administration violated the Uniform Electronic Transaction Act ("UETA"), Fla. Stat. § 668.50, for failing to give legal effect to Willoughby's electronically executed Forms.  (*See id.* ¶¶ 23–24).  Count 3 alleges that the Administration violated the Equal Protection Clause as applied through the Fifth Amendment of the United States Constitution by discriminating against Willoughby on the basis of using an electronic signature.  (*See id.* ¶¶ 25–37).  Finally, Count 4 demands injunctive relief through the E-Sign Act to enjoin the Administration from refusing to accept electronically executed documents in the future.  (*See id.* ¶¶ 38–41). Willoughby asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1346.[1]  (*Id.* ¶ 2).

On February 18, 2014, the Commissioner moved to dismiss Willoughby's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  (Doc. 11).  The Commissioner essentially contends that 42 U.S.C. § 405(h) bars Willoughby from asserting his claims against the Administration through 28 U.S.C. § 1346.  (*Id.* at p. 2).  Willoughby responded to the Commissioner's motion to dismiss on March 28, 2014.  (Doc. 17).  In his response, Willoughby asserts that his claims are not subject to § 405(h)'s bar and states alternative means for the Court to find subject matter

---

1.  It is unclear from Willoughby's Complaint, as well as any other document submitted by Willoughby, whether he is attempting to sue under the Tucker Act, 28 U.S.C. § 1346(a)(2) or the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).   The Commissioner assumes that Willoughby sues under the Tucker Act.  (*See* Doc. 11, p. 7).  However, without illumination from Willoughby, the Court is compelled to explain why Willoughby has failed to assert subject matter jurisdiction under either provision.

jurisdiction, including waiver of § 405(g)'s exhaustion requirement and jurisdiction under the Mandamus Act.  (*Id.* at pp. 3–18).  With leave of court, the Commissioner replied on May 12, 2014.  (Doc. 23).

On August 1, 2014, Magistrate Judge Karla R. Spaulding issued her Report and Recommendation on the Commissioner's motion to dismiss, recommending that the motion be granted.   (Doc. 34).   Willoughby timely objected to the Report and Recommendation on August 13, 2014. (Doc. 36).  The Commissioner does not object to the Report and Recommendation.  (Doc. 37).

## C.    Findings of the Report and Recommendation and Willoughby's Objection

In her Report and Recommendation, Magistrate Judge Spaulding found that § 405(h) deprives this Court of subject matter jurisdiction to consider the claims alleged by Willoughby's Complaint. (Doc. 34, pp. 5–7).  Specifically, Magistrate Judge Spaulding determined that Willoughby's claims regarding the Administration's rejection of Willoughby's electronically signed Forms necessarily "arises under" the Social Security Act because Willoughby appears to be "applying for social security disability and/or supplemental income benefits."  (*Id.* at p. 7).   As such, Magistrate Judge Spaulding concluded that Willoughby's only remedy "is to pursue his claims through the administrative channels required by § 405(g)."  (*Id.*).   Magistrate Judge Spaulding additionally concluded that Willoughby had not alleged a basis for subject matter jurisdiction under the Mandamus Act. (*Id.* at pp. 7–8).

In his objection to the Report and Recommendation, Willoughby contends that the allegations of his Complaint do not "arise under" the Social Security Act, but rather the particular statutes named in his complaint—the E-Sign Act and the UETA—along with the

United States Constitution.   (Doc. 36, pp. 3–5).   Consequently, Willoughby takes the position that his claims are not connected with any claim of benefits or the Social Security Act in general, but are instead substantive claims arising under their respective statutes and constitutional guarantees, thus circumventing the bar imposed by § 405(h).   (*See id.*).

## II.     STANDARDS OF REVIEW

### A.     Report and Recommendation of the Magistrate Judge

When a party makes a timely and specific objection to a magistrate judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

### B.     Challenges to Subject Matter Jurisdiction

Motions made pursuant to rule 12(b)(1) attack a district court's subject matter jurisdiction to consider the case at bar.  Motions to dismiss under rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks."  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Facial attacks only require the court to determine if the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id.* at 1529.  As such, the allegations within the complaint are assumed true for the purpose of the motion.  *Id.*  On the other hand, factual attacks challenge the existence of subject matter jurisdiction irrespective of what the complaint alleges.  *Garcia v. Copenhaver, Bell & Assocs., M.D's,*

*P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997).  Accordingly, in a factual attack, courts may consider information outside of the pleadings—including testimony, affidavits, and other evidence—and "may make factual findings necessary to resolve the motion." *Hawthorne v. Baptist Hosp., Inc.*, No. 3:08cv154/MCR/MD, 2008 WL 5076991, at *2 (N.D. Fla. Nov. 24, 2008).

## III.   DISCUSSION

Upon de novo review of the underlying pleadings, motions, supporting documents, and Willoughby's objection, the Court must reject the Report and Recommendation.  For the reasons set forth herein, Willoughby, the Commissioner, and the Magistrate Judge all unduly analyze the factual basis for subject matter jurisdiction, focusing on whether Willoughby's Complaint asserts claims that "arise under" a claim for benefits within the meaning of § 405(h).  While the Magistrate Judge correctly concludes that Willoughby fails to invoke this Court's subject matter jurisdiction, it is not because his claims are necessarily barred by § 405(h) or because Willoughby's claims are not ripe for review under the Social Security Act; it is because Willoughby's Complaint on its face fails to allege subject matter jurisdiction.[2]  Accordingly, in reviewing Willoughby's Complaint, the Court must accept all allegations therein as true.  *Lawrence*, 919 F.2d at 1529.

### A.   Willoughby Fails to Invoke this Court's Subject Matter Jurisdiction Under 28 U.S.C. § 1346

"It is axiomatic that the United States may not be sued without its consent and that

---

2. The Magistrate Judge and the Commissioner appear to skip a step in their jurisdictional analysis.  Both conclude that § 405(h) bars Willoughby's claims for relief because they are made pursuant to 28 U.S.C. § 1346 and "arise under" a claim for social security benefits.  However, the Court in this case need not reach an analysis of § 405(h) because Willoughby fails to demonstrate subject matter jurisdiction under § 1346 in the first place.

the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States generally gives its consent expressly through a statute authorizing suit. *Price v. United States*, 174 U.S. 373, 375–76 (1899). It is also possible for a federal court to read an implied right of action in a statute or constitutional provision that lacks an express mechanism for suing the United States. *E.g.*, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 411 (1971) (finding an implied right of action for violation of the Fourth Amendment). However, in the absence of a federal statute authorizing suit against the United States or a finding by a federal court of an implied right of action, the federal government cannot be sued. *See Price*, 174 U.S. at 375–76. Therefore, Willoughby must demonstrate that the United States either expressly or impliedly authorizes suit in order to invoke this Court's subject matter jurisdiction.

There are numerous mechanisms through which the United States waives sovereign immunity and confers subject matter jurisdiction on the district courts for actions against it. Willoughby predicates subject matter jurisdiction for his particular claims on 28 U.S.C. § 1346. (Doc. 1, ¶ 2). As noted in Section I.B, *supra*, 28 U.S.C. § 1346 is divided into the Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), both of which waive sovereign immunity and confer subject matter jurisdiction for claims against the United States under two distinct circumstances. Because the Court is unable to decipher under which provision Willoughby attempts to bring his claims, each is addressed in turn.

### 1. Willoughby Fails to Invoke Subject Matter Jurisdiction Under the Tucker Act

The Tucker Act provides, in pertinent part, that district courts shall exercise

concurrent jurisdiction with the United States Court of Federal Claims over:

> Any . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2).  The essence of the Tucker Act is to waive sovereign immunity and confer subject matter jurisdiction over claims based on a constitutional provision, statute, or contract that itself creates the right to money damages against the United States.  *Army & Air Force Exch. Serv.*, 456 U.S. 728, 738–39 (1982).  Thus, jurisdiction under the Tucker Act cannot be premised on the asserted violation of constitutional provisions, statutes, regulations, or contractual relationships that do not specifically authorize awards of money damages.  *Id.*  As such, the Tucker Act does not afford jurisdiction to claims for injunctive relief, mandamus, specific performance, or any other type of equitable relief.  *Richardson v. Morris*, 409 U.S. 464, 465 (1973) ("[T]he [Tucker] Act has long been construed as authorizing only actions for money damages and not suits for equitable relief against the United States."); *see also Lee v. Thornton*, 420 U.S. 139, 140 (1975) (holding injunctive and declaratory relief unavailable under the Tucker Act); *ben-Shalom v. Sec'y of the Army*, 807 F.2d 982, 988 (Fed. Cir. 1986) (holding mandamus relief unavailable under the Tucker Act).

The face of Willoughby's Complaint explicitly precludes this Court from exercising subject matter jurisdiction under the Tucker Act, as the only relief Willoughby seeks is equitable in nature.  (Doc. 1, p. 8 (seeking declaratory, injunctive, and mandamus-type relief)).  Moreover, Willoughby sues under the E-Sign Act, the UETA, and the Equal Protection Clause of the United States Constitution.  (*Id.* ¶¶ 14–37).  Because none of

these claims specifically allow for money damages against the United States, Willoughby

cannot sue under the Tucker Act.  *Sheehan*, 456 U.S. at 738–39.

### 2. Willoughby Fails to Invoke Subject Matter Jurisdiction Under the Federal Tort Claims Act

Willoughby most likely intends to bring his claims through the FTCA.  The FTCA

confers exclusive subject matter jurisdiction to the district courts over:

> [C]ivil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  The purpose of the FTCA is to waive sovereign immunity for and

confer subject matter jurisdiction over claims accruing from the intentional and negligent

tortious acts of the federal government's employees.  *See* 28 U.S.C. § 2674.

In addition to numerous exceptions and limitations to bringing a lawsuit under the

FTCA, exhaustion of administrative remedies is a non-waivable jurisdictional prerequisite

to invoking a district court's subject matter jurisdiction.  *McNeil v. United States*, 508 U.S.

106, 112 (1993).  When a claimant wishes to sue under the FTCA, he must first submit a

complaint to the agency allegedly liable for the wrongdoing.  28 U.S.C. § 2675(a).  The

agency then has six months to admit or deny the claimant's allegations.  *Id.*  If the agency

denies liability or fails to act within the six month period, only then may the claimant avail

himself of the district court's jurisdiction.  *Id.*

Here, Willoughby's Complaint fails to demonstrate compliance with the FTCA's

exhaustion requirement.  (*See* Doc. 1).  Consequently, Willoughby's Complaint fails on

its face to invoke the Court's subject matter jurisdiction under the FTCA.  *McNeil*, 508 U.S. at 112.

### B.   Willoughby Fails to Assert Subject Matter Jurisdiction Through Any Other Jurisdictional Mechanism

Finding that Willoughby has failed to invoke this Court's subject matter jurisdiction either through the Tucker Act or the FTCA, the Court turns to Willoughby's Complaint to consider whether he asserts any other means by which this Court may exercise jurisdiction.  The Court finds none.[3]  Moreover, the Court declines to muse on whether the E-Sign Act confers an implied right of action, especially where Willoughby does not so contend.

## IV.   CONCLUSION

The Court finds that the Magistrate Judge unduly analyzed the factual basis underlying Willoughby's assertion of subject matter jurisdiction under 28 U.S.C. § 1346. As such, the Court must reject the Report and Recommendation.  Nevertheless, the Court concludes that Willoughby's Complaint fails on its face to allege subject matter jurisdiction under the Tucker Act, the FTCA, or through any other jurisdictional mechanism, whether express or implied.  Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 34) is

---

3. In his response to the Commissioner's motion to dismiss, Willoughby contends that the Court could exercise jurisdiction over his claims through the Mandamus Act, 28 U.S.C. § 1361, which confers original jurisdiction to the district courts over actions "to compel an officer or an employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  (*See* Doc. 17, pp. 15–19).  However, Willoughby's Complaint does not allege subject matter jurisdiction under the Mandamus Act.  (*See* Doc. 1).  If Willoughby desires to allege jurisdiction under the Mandamus Act, he may do so in an amended complaint.  *See* Fed. R. Civ. P. 8(a)(1) (requiring that all pleadings state the grounds for a federal court's jurisdiction).

**REJECTED**.

2. Upon de novo review of the record, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11) is **GRANTED**.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Plaintiff has **fourteen (14) days** from the date of this Order to file an amended complaint.  Failure to file an amended complaint within the time permitted will result in the Court closing the case without further notice.

4. Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 36) is **OVERRULED**.

**DONE AND ORDERED** in Orlando, Florida on September 30, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record